21 16 33 Kelly versus New York State Unified Court System. Good morning, Your Honor. Just hold on one second. Mr Kelly. We're waiting for opposing counsel to come to the front of the courtroom. Okay. Are we gonna put Mr Kelly on the screen? Oh, he's only my phone. Okay, Mr Kelly, go ahead. Good morning, Your Honor. Good morning. Good morning to opposing counsel. I'd like to make three brief clarifications. The first is consideration of both jurisdiction and due process for concurrent duties, responsibilities and obligations to the court, not sequential. The second is a sequential consideration of jurisdiction before due process challenges this court to start with Perez v. Ortez. And the third is that the affirmation of the trial court's sua sponte dismissal would stand as a structure of deprivation of my right to meaning access to the court. This case centered around a dismissal, a sua sponte dismissal with no notice, no hearing, no leave to amend. And if there are no questions, I respectfully remove this court to grant my requested relief and other such relief to this court to just serve my remaining time for rebuttal. Well, Mr Kelly, when there is a jurisdictional obstacle to you filing suit, an amendment would be futile. It's often appropriate to deny leave to amend. So if, in fact, there is sovereign immunity against the state and you're not allowed to sue, wouldn't that be a justification for denying leave to amend? No, because you cannot consider sovereign immunity in this case. In 1978, the people of the state of New York or 1977 created the New York State Unified Court System, an artificial person. That artificial person created its own rules, and there is no mechanism for me to, and I respect that there's the Article 78 approach in the state court, but unfortunately that prohibits due process to have a member of the New York State Unified Court System to consider its own rules. So it needs to be done with different jurisdictions, and failing to do that surprised me of So sorry, so your position is that even if there is state sovereign immunity, you have a due process right that should override state sovereign immunity. Is that your view? That is my view. Okay. Beyond that, the sui sponte dismissal without notice makes the judge a proponent for the defense. Okay. Thank you, Mr. Kelly. You've reserved time for rebuttals, so we'll hear from you again. But let's hear from the appealee, Miss Evans. Good morning, your honors. May it please the court. The issue before this court is whether or not the 11th Amendment immunity barred appellant's claim against the Unified Court System, and the answer to that is yes. The state has not abrogated, Congress has not abrogated that sovereign immunity, nor has the state waived its right to be sued. The Unified Court System is considered an arm of the state, and therefore it is considered the state, and his claim to simply court simply does not have such jurisdiction. I notice the timer is not counting down. Okay. Sorry. Go ahead. It's okay. And the court simply does not have jurisdiction. Sometimes it seems to go on forever. That's all I was going to say. Go ahead. Thank you, your honor. With respect to the sui sponte matter, because not to do so, to have allowed it would have been futile. Since the court lacked subject matter jurisdiction, there was no basis or authority for the court to even hear the matter. Now, if Mr. Kelly had sued, you know, an official of the court system, whoever the official was who prevents him from filming in the courtroom, and sought an injunction to prevent that person from interfering with his filming in the courtroom, that would have been an ex parte young case, right? Yes, your honor. So you don't argue that there's no way he could sue. You're just saying that because he named the court system as an entity as the defendant, he's therefore suing the state. State officials are not entitled to 11th Amendment immunity, but there are other ways that would prohibit the court from hearing that. Where there might be some other obstacle to that suit. Correct. Maybe he wouldn't have a claim. But if he had sued, you know, the chief judge or whoever's in charge of the court system to prevent this person from interfering with my filming because I have a First Amendment right to film the proceedings, there wouldn't have been a state sovereign immunity argument against that lawsuit. That is correct, your honor. Okay. And in this case, the district court said that there was lack of subject matter jurisdiction because of the state sovereign immunity, but then went on to say, even if there were, there would be younger abstentions. Yes, your honor. Was that appropriate? Usually when we say there's no subject matter jurisdiction, the court should just stop, right? Your honor, I'm not in the business of telling the court how it should rule. It certainly didn't have to reach the younger abstention doctrine, but I think to give the appellant the benefit of, Mr. Kelly, the benefit of the doubt, she's basically saying even if I had subject matter jurisdiction, I would have abstained because there's a state, a more overriding state court concern that is going on in that. We agree with the first one. We don't even have to approach the second one. Correct. And I suppose because of dismissal for lack of subject matter jurisdictions without prejudice, Mr. Kelly actually could bring the lawsuit that we just described against some official, right? Assuming it's not borrowed by the state. He could certainly bring it. For some other reason it might fail. But this lawsuit would not prevent that from happening. No, your honor. If there are no further questions, I rest on my brief. Thank you very much, Ms. Evans. We'll hear back from Mr. Kelly on rebuttal. Thank you, your honor. I would like to bring two points to the court's attention. Number one, less than a year ago, this court in the case of efficiency, New York State Office of Court Administration et al. Docket number 20-13, granted an order on July 16th, 2021. That is essentially the exact thing I'm looking. That's number one. Number two, the under extension does not apply in this case because it is not forward to the guidelines both in Huffman v. Perdue Supreme Court decision 1975 and its own court decision in Kavanaugh v. Gabbett 22. It needs to be not tailored to those three three basic points. This isn't a criminal case, so that doesn't apply. There was no state civil proceedings brought against me for recording the court, and it is not in what am I looking for? The state substantial interest of providing the due process. It doesn't interfere with the court in any way. That's the question, right? Whether it's something that's inherent to the way that New York State runs its judicial system, right? Correct. Right. And the district court thought that it was, that this would interfere with the state administration of its judicial system. I disagree. Right. No, I understand that you disagree, but that's the argument. And what about the argument the exchange I was just having with Ms. Evans, where even the state acknowledges that if you sue an individual state officer for prospective injunctive relief, it would not be barred by state sovereign immunity. But in this case, you sued the state court system as opposed to an individual state officer. I did. And the reason I did that rather than that is because there are court officers that enforce this. The court officers rotate. They are an arm of, within the New York State certified court system. There are other judges and other court personnel involved. So this is something that's a systemic deprivation of my rights, and I didn't get that necessarily as an individual. Furthermore, to create an artificial person, to give that person the ability to create its own rules and to not be able to challenge them effectively in an impartial tribunal is a deprivation process. So the only means I had of seeking an impartial tribunal was through the federal court system and not the state court system. Had it been any other New York State agency other than judicial, that would have been appropriate under the State Administrative Procedures Act. However, because it was New York State's office of courts, there was a pecuniary interest in, according to the rule, it denied me due process under Judge Frensley's first settlement. Okay. I think we have that argument. Thank you very much, Mr. Kelly. The case is submitted.